Lonnie SNELLING, Appellant,

v.

MASONIC HOME OF MISSOURI, Respondent.

No. 69228.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 28, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1996.

Application to Transfer Denied Sept. 17, 1996.

Lonnie Snelling, University City, pro se.

Kathi Lynne Chestnut, Evans and Dixon, St. Louis, for respondent.

Before PUDLOWSKI, P.J., and SIMON and HOFF, JJ.

### ORDER

PER CURIAM.

Lonnie Snelling, appellant, appeals the denial of his motion to set aside judgment pursuant to Rule 74.06(b)(1). On appeal, he contends that the trial court erred in denying his motion because: 1) the trial court had jurisdiction to rule on the motion; and 2) he was denied his constitutional rights in that his motion was denied without a hearing. Appeal dismissed.

We have reviewed the briefs of the parties and the legal file and find that the trial court did not have jurisdiction over appellant's motions to set aside judgment pursuant to Rule 74.06(b)(1). We further find an extended opinion would have no precedential value. A memorandum solely for the use of the parties involved has been provided explaining the reasons for our decision.

Catherine UMBERTINO, Appellant,

v.

Kevin LOMBARDO, Respondent.

No. 68418.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 28, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1996.

Application to Transfer Denied Sept. 17, 1996.

Alan W. Cohen, St. Louis, for appellant.

Harold G. Johnson, Mitchell D. Johnson, St. Ann, for respondent.

Before PUDLOWSKI, P.J., and SIMON and HOFF, JJ.

### ORDER

PER CURIAM.

Catherine Umbertino (wife), appeals a judgment entered in favor of Kevin Lombardo, respondent, in an action to recover the proceeds of a life insurance policy issued by John Hancock Mutual Life Insurance Company (John Hancock) to Dale Lombardo, wife's former husband (husband). We affirm.

We have reviewed the briefs of the parties and the legal file and find the judgment of the trial court is supported by substantial evidence, and no error of law appears. As we further find an extended opinion would have no precedential value, we affirm the circuit court's order pursuant to Rule 84.16(b). A memorandum solely for the use of the parties involved has been provided explaining the reasons for our decision.